UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**  (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 9, filed April 19, 2016)

## I. INTRODUCTION

On February 24, 2016, plaintiff Gisselle Barnhart ("plaintiff") filed the instant action in the Los Angeles County Superior Court against defendant Points Development US Ltd. ("Points Development US") or ("defendat"), and does 1 through 48, inclusive.[1] See Dkt. 1, Ex. A (Complaint). Plaintiff's complaint asserts the following four claims: (1) breach of contract; (2) "Discrimination on the Basis of Age in violation of the Civil Rights Act of 1991 42 U.S.C. § 1981, et seq."; (3) "Retaliation" under 42 U.S. C. § 1983, et seq.; and (4) intentional infliction of emotional distress. See Complaint. On April 12, 2016, defendant timely removed this action to federal court, asserting both federal question jurisdiction and diversity jurisdiction. Dkt. 1 (Notice of Removal).

On April 19, 2016, defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dkt. 9 ("Motion"), as well as a request for judicial notice, dkt. 10 ("RJN"). On May 2, 2016, plaintiff filed an opposition to defendant's motion. Dkt. 11 ("Opp'n"). On May 6, 2016, defendant filed a reply. Dkt. 13 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] More specifically, plaintiff asserts her claims against "Points Development US Inc., d.b.a. Points International." See Complaint, Caption Page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

## II. BACKGROUND

Plaintiff, who "is and at all times relevant hereto has been a resident of [Tarrant County in] the State of Texas," alleges that she was first employed by "Points International" on about July 21, 2003. See Complaint at ¶¶ 1, 6-10. According to the complaint, "Points International . . . has been an entity that has its second largest office in California and conducts business throughout the State of California." Id. at ¶ 3. Plaintiff avers that on or about March 2014, she noticed that management at Points International "began to criticize the work of persons over 40 years of age," and that between March 2014 and January 2016, at least ten employees at Points International were either "demoted or forced to resign." Id. at ¶ 9.

In the instant action, plaintiff alleges that her termination from "Points International" on August 25, 2015 was discriminatory on the basis of age, and further that defendant failed to fulfill certain severance pay obligations upon terminating plaintiff. See id. at ¶¶ 10-14. Based upon these allegations, the operative complaint asserts claims against defendant "Points Development US Ltd." (and *not* Points International (U.S.) Ltd.) for breach of contract, violation of 42 U.S.C. § 1981, violation of 42 U.S.C. § 1983, and intentional infliction of emotional distress.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

"Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

     In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

     Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

### IV. DISCUSSION

In the instant motion, defendant Points *Development* US Ltd. argues that it is a California-based sister subsidiary of plaintiff's former employer, Points *International* (U.S.) Ltd., which—according to defendant—is not subject to jurisdiction in California.[2] Accordingly, defendant asserts that it has been wrongfully sued in this action for breach of a contract to which it was not a party. Although plaintiff does not attach to her complaint a copy of the employment agreement that forms the basis of her claims, defendant Points Development US Ltd. provides the Court with a copy of the agreement. See Request for Judicial Notice, Ex. A. Documents that are "central" to a plaintiff's claim, or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F. 3d 449,454 (9th Cir. 1994), overruled in part on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned"; a court may properly consider such document in ruling on a motion to dismiss).

The relevant employment agreement (1) is on "Points International Ltd." letterhead, (2) appears to be signed by Points International Ltd.'s Senior Vice President of the Partner Group, (3) indicates that plaintiff was offered full-time employment with "Points International Ltd." in Dallas/Ft. Worth, Texas, and (4) states that plaintiff was "assigned to [Points International Ltd.'s] US organization." See RJN, Ex. A. The agreement does not mention "Points *Development* US Ltd.," the sole named defendant in this action. Indeed, the complaint itself states that plaintiff "is and at all times relevant hereto has been a resident of the State of Texas" and that she was employed by (non-party) "Points International," not defendant Points Development US Ltd. See Complaint at ¶¶ 1, 3. Ultimately, therefore, defendant contends that plaintiff's employment with Points International (U.S.) Ltd. in Texas cannot subject defendant "to this

---

[2] Defendant Points Development US Ltd. States in its Notice of Removal that it is Delaware corporation with its principal place of business in San Francisco, California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

forum-shopping lawsuit in California, under 'alter ego' (which was neither pleaded in her Complaint nor properly alleged here) or any other theory." Reply at 2.

    While the parties dispute whether Texas or California law governs the instant action, under both Texas and California law, a plaintiff cannot maintain a breach of contract claim against an entity who is not a party to the contract.[3] See Lea-Stokes v. Hunt Cty. Mental Health & Mental Retardation Ctr., No.04-cv-0748, 2005 WL 1875442, at *2 (N.D. Tex. Aug. 5, 2005) (granting doctor's motion to dismiss contract claim against him because doctor was not a party to the contract at issue); Iqbal v. Bank of Am., N.A., No. 12-938, 2012 WL 11955635, at *4 (W.D. Tex. Dec. 18, 2012) (stating that plaintiffs "cannot maintain a breach of contract claim against an entity not a party to the contract they claim was breached"); C & A Investments, Inc. v. Bonnet Res. Corp., 959 S.W.2d 258, 262 (Tex. App. 1997) (affirming trial court's grant of summary judgment on plaintiffs breach of contract claim because defendant was not a party to the contract and "as a matter of law, [plaintiff] cannot maintain a breach of contract action against an entity not a party to the contract"), writ denied (Dec. 11, 1997); Conder v. Home Savings of Am., 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (applying California law and granting defendant's motion to dismiss breach of contract claim against someone who is not a party to the contract). Accordingly, defendant Points Development US Ltd. contends that all of plaintiff's claims must fail because "Points Development US Ltd." is not a party to the employment agreement that gives rise to the instant suit, and in fact "did not exist [as an entity] until nine years *after* [p]laintiff signed the [relevant employment] agreement" with (non-party) Points International (U.S.) Ltd. Motion at 1.

    In opposition to the instant motion, plaintiff appears to concede that she was not employed by—and therefore did not enter a contract with—defendant Points Development US Ltd, such that defendant would only be liable under an alter ego theory of liability. Plaintiff attempts to advance an alter ego theory of liability in her opposition, asserting that she "is confident that through discovery[] [she] would be able to provide additional evidence that [1] all the [relevant] entities act as one," that [2] the named

---

    [3] Defendant maintains that Texas law must be applied here because plaintiff was at all relevant times a resident of Texas and employed by (non-party) Points *International* (U.S.) Ltd. in Texas.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

defendant is merely a California-based agent or alter ego of non-party Points International (U.S.) Ltd., and that [3] "plaintiff's filing is proper and not forum shopping as alleged." Opp'n at 3.

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests . . . The purpose of the doctrine is to bypass the corporate entity for the purpose of avoiding injustice." Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003) (Morrow, J.) (citation and internal quotation marks omitted). However, "the existence of a parent-subsidiary or mere sister-sister entity relationship 'is not sufficient to establish personal jurisdiction over the parent [or sister entity] on the basis of the subsidiaries' minimum contacts with the forum.' " Stewart v. Screen Gems-EMI Music, Inc., 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015) (quoting Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001)); see also Ranza v. Nike, Inc., 793 F.3d 1059, 1070 (9th Cir. 2015) ("As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary."). Furthermore, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting . . . the necessary elements." Gerritsen v. Warner Bros. Entm't Inc., 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015).[4]

---

[4] Under California law, two elements must be alleged before the doctrine can be invoked: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523, 526 (2000). Under Texas law, "the limitation on liability that the corporate structure affords can be ignored 'when the corporate form has been used as part of a basically unfair device to achieve an inequitable result.' " Spring St. Partners-IV, L.P. v. Lam, 730 F.3d 427, 443 (5th Cir. 2013) (noting additional factors necessary to establish alter ego liability under Texas law) (citing Castleberry v. Branscum, 721 S.W.2d 270, 271-73 (Tex. 1986), superseded on other grounds by former Bus. Corp. Act art. 2.21, re-codified at Tex. Bus. Orgs. Code § 21.223 (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

    Here, plaintiff's complaint alleges no facts whatsoever regarding alter ego liability, and her opposition offers only conclusory assertions in that regard. Again, even if these assertions had been pleaded in the complaint, such "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim," as plaintiff "must allege specifically . . . the elements of alter ego liability, as well as facts supporting [these elements]." Neilson, 290 F. Supp. 2d at 1116; see also Sandoval v. Ali, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (plaintiffs did not "adequately" allege an inequitable result by stating "conclusorily that 'an inequity would result if the corporations were not viewed as alter egos of each other and the [defendants]'"). Plaintiff asserts, however, that she is "willing to file an amended pleading providing more facts that the entities . . . [at issue here] act as one." Opp'n at 3. Accordingly, the Court dismisses plaintiff's complaint without prejudice and with leave to amend in order to address the deficiencies identified herein.[5]

---

[5] The Court also notes that plaintiff's two federal claims are also properly dismissed on independent grounds. First, plaintiff's claim under 42 U.S.C. § 1981 for "Discrimination on the Basis of Age" fails because section 1981, by its plain language, applies to discrimination on the basis of race, and the operative complaint contains no allegations of any discrimination on these grounds. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995) ("In order to withstand a motion to dismiss for failure to state a claim, a § 1981 cause of action need only allege 'that plaintiff suffered discrimination . . . on the basis of race.'") (citation omitted); Rhodes v. Place Cnty., No. 2:09-cv-00489, 2011 WL 1302264, at *8 (E.D. Cal. Mar. 31, 2011) (granting defendant's motion to dismiss plaintiff's section 1981 claim because plaintiff did not plead her race or ethnicity and plaintiff "never intimated that any of the alleged events were the result of racial discrimination"). Second, plaintiff's claim under 42 U.S.C. § 1983 fails because section 1983 applies to defendants acting under color of state law, and the complaint here lacks any allegation that defendant was acting under color of state law in its employment or termination of plaintiff. Furthermore, plaintiff here "treats [her] § 1983 claim as an independent, substantive claim." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004). However, "one cannot go into court[, as plaintiff has done here,] and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979). "Section 1983 does not create any substantive rights; rather it is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02516-CAS(Ex) | Date | May 25, 2016 |
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US LTD., ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, plaintiffs' complaint is hereby **DISMISSED** in its entirety **WITHOUT PREJUDICE**.

Plaintiff shall have **twenty-one (21) days** from the date of this order to file an amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

vehicle whereby plaintiffs can challenge actions by governmental officials." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  Accordingly, plaintiff here "has no cause of action under § 1983 because [she] has not stated a viable claim that defendant[] violated [her] federal rights." Cholla Ready Mix, 382 F.3d at 978.