UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Linda Scott | Julia Trankiem |

**Proceedings:** DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 22, filed August 5, 2016)

## I. INTRODUCTION

On February 26, 2016, plaintiff Gisselle Barnhart, a Texas resident, filed a complaint against California residents, defendants Points Development US, Inc. and Does 1–48, inclusive in the Los Angeles County Superior Court. Dkt. 1-1, Ex. A ("Compl."). On April 12, 2016, Points Development US Ltd. ("defendant") removed the suit to this Court on the basis of federal question jurisdiction and diversity jurisdiction. Dkt. 1. On June 13, 2016, plaintiff filed her first amended complaint. Dkt. 16. On June 24, 2016, plaintiff and defendant entered into a settlement agreement. Dkt. 18.

On August 5, 2016, defendant filed a motion to enforce the settlement and dismiss plaintiff's first amended complaint. Dkt. 24 ("Mot."). On August 15, 2016, plaintiff filed her opposition. Dkt. 26 ("Opp'n"). On September 1, 2016, defendant filed its reply. Dkt. 28 ("Reply").

## II. BACKGROUND

On or about July 18, 2003, plaintiff entered into an employment contract with defendant. Compl. ¶ 6. In March, 2014, plaintiff avers that defendant's management began to criticize the work of persons over 40 years of age, ten of whom were demoted or forced to resign. Id. ¶¶ 8–9. On or about August 25, 2015, defendant terminated plaintiff without providing her with "in lieu of notice pay," because plaintiff refused to release her right to pursue future claims against defendant. Id. ¶¶ 10–14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
|----------|------------------------|------|--------------------|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

Following her termination, plaintiff filed an Equal Employment Opportunity Commission Charge asserting claims of age discrimination and a Texas Workforce Commission Wage Claim asserting unpaid wages against defendant. Dkt. 24-1, Temple Decl., Ex. A ("Agreement"). On February 26, 2016, plaintiff filed a complaint against defendant in the Los Angeles County Superior Court. Compl. Defendant removed the action to federal court on April 12, 2016. Dkt. 1. In her February 26, 2016 complaint, plaintiff alleged breach of contract, age discrimination in violation of the Civil Rights Act of 1991, retaliation, and intentional infliction of emotional distress. Compl. ¶¶ 15–48.

On June 23, 2016, plaintiff's counsel and defendant's counsel exchanged emails in which they discussed plaintiff's tax obligations with respect to the settlement agreement. Opp'n, Ex. A. In the email exchange, defendant's counsel asserted that defendant is required by law to withhold income tax from the settlement payment due to plaintiff. Id. Plaintiff's counsel then asked whether defendant would "honor" and "withhold in accordance with" plaintiff's current W-4 form with the designated exemptions. Id. In response to those questions, defendant's counsel wrote that defendant was "fine with implementing a new W-4 from Ms. Barnhart for the settlement payout." Id. Defendant's counsel also wrote that she "attached a 2016 W-4 form for Ms. Barnhart to complete." Id.

On June 24, 2016, plaintiff and defendant entered into a settlement agreement. Dkt. 18. The settlement agreement states, in relevant part, that defendant agreed to pay plaintiff a gross settlement sum, "less applicable withholdings for federal and state income and employment taxes, in connection with Barnhart's alleged lost wages." Agreement ¶ 2. The agreement also states that "Points will issue Barnhart a Form W-2 for the payment." Id. The agreement expressly conditioned defendant's payment of the settlement sum on "plaintiff's dismissal of all claims against defendant, including the dismissal of any EEOC Charge, the dismissal of the Wage Claim, and the dismissal with prejudice of the Lawsuit." Id. ¶ 5. The agreement also stated that it fully superseded any and all prior agreements and understandings between the parties regarding the settlement. Id. ¶ 23.

On or about July 14, 2016, defendant issued the settlement payment. Temple Decl. ¶ 8. Defendant withheld a flat rate of 25% in taxes from plaintiff's settlement payment. Id. ¶ 9 & Ex. C. Defendant avers that it calculated the withheld amount using the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

optional flat rate withholding method pursuant to 26 C.F.R. § 31.3402(g)-1(a)(7). Mot. at 5. Defendant avers that "stark differences" and "sudden dramatic departures" between plaintiff's regular withholding when she was an employee and under her initial W-4 form, and plaintiff's new W-4 form from June, 2016 led defendant to use the optional flat rate method to calculate tax withholdings on the settlement sum, instead of withholding in accordance with the W-4 form. Id. at 7; Reply at 5.

On July 21, 2016, counsel for defendant requested that plaintiff authorize filing the dismissal of her claims against defendants. Temple Decl., Ex. B. Plaintiff's counsel refused to authorize the filing of a Joint Stipulation of Dismissal, based on her belief that defendant should have withheld taxes in accordance with the W-4 form provided by plaintiff. Temple Decl. ¶ 11 & Ex B. In response, on August 5, 2016, defendant filed a motion to enforce the settlement agreement pursuant to Section 664.6 of California Code of Civil Procedure. Mot. at 8.

## III.   LEGAL STANDARD

### A.   California Code of Civil Procedure Section 664.6

"Section 664.4 was enacted to provide a summary procedure for specifically enforcing a settlement contact without the need for a new lawsuit." Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 809 (1998). In ruling on a motion to enforce a settlement, the trial court must determine whether the parties entered into a valid and binding settlement agreement. In re Marriage of Assemi, 7 Cal. 4th 896, 911, 872 P.2d 1190 (1994). In so doing, the court should consider whether: (1) material terms of settlement were explicitly defined, (2) supervising judicial officer who questioned parties regarding their understanding of those terms, and (3) parties expressly acknowledged their understanding of agreement to be bound by those terms. Id. The parties must agree to "the *same material terms*" to satisfy the purpose of section 664.6. Elyaoudayan v. Hoffman, 104 Cal. App. 4th 1421, 1428 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
|----------|------------------------|------|---------------------|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

### B.    California Parol Evidence Rule and Settlements

"A settlement agreement is treated as any other contract for purposes of interpretation." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Generally, state law applies to interpretation of contracts. Id.[1] Under California law, the intent of the parties determines the meaning of the contract. Cal. Civ. Code § 1636. A court should interpret a written contract solely by its language so long as the language is "clear and explicit." Id. §§ 1638–39. However, "California has long abandoned a rule that would limit the interpretation of a written instrument to its four corners." First Nat'l Mortg. Co. v. Federal Realty Inv. Trust, 631 F.3d 1058, 1066 (9th Cir. 2011) (citing Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 442 P.2d 641, 644 (1968).

Under California law, "[t]he interpretation of a contract involves "a two-step process." Wolf v. Superior Court, 114 Cal. App. 4th 1343, 1351 (2004).

"First the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party." Id. "Even if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible. First Nat'l Mortg. at 1067 (citing Morey v. Vannucci, 64 Cal. App. 4th 904, 912 (1998)).

Second, "if in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid in the second step—interpreting the contract." Wolf, 114 Cal. App. 4th at 1351.

---

[1] The parties appear to agree that California law governs the meaning of the settlement agreement. Furthermore, the settlement agreement indicates that California law governs its meaning. See Agreement ¶ 18 ("[T]his Agreement is admissible for the purposes of proving up and/or enforcing the terms of the Parties' Agreement as set forth herein, pursuant to California Evidence Code Section 1123 and California Civil Code Section 664.6 and/or applicable Texas law.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

Courts may look to extrinsic evidence to interpret settlement agreements.  See, e.g., Central Coast Pipe Lining, Inc. v. Pipe Shield USA, Inc., 2013 WL 6442603, *6 (C.D. Ca. 2013) (considering email exchanges between parties to determine the meaning of a disputed settlement provision); Cacique, Inc. v. Reynaldo's Mexican Food Co., LLC, 2014 WL 505178, *5 (C.D. Cal. 2014) (considering prior agreements between parties, Black's Law Dictionary, and the California Corporations Code to determine the meaning of a disputed term in the settlement); Matter v. Beverly Hills Bancorp, 649 F.2d 1329, 1335 (9th Cir. 1981) (interpreting the phrase "interest earned" as gross interest, because net interest entails additional expenses, of which Bancorp was not forewarned).

### C.    Calculation of Tax Withholdings

26 U.S.C. § 3402(a) requires an employer to withhold, *inter alia*, federal income tax on an employee's wages.  Settlement proceeds paid to compensate for lost wages are also subject to income tax withholding.  Rivera v. Baker West, Inc., 430 F.3d 1253, 1258 (9th Cir. 2005).  The United States Internal Revenue Service characterizes back pay and severance pay as supplemental wages.  26 U.S.C. § 31.3402(g)-1(a)(1); Rev. Rul. 2008-29.  The United States Treasury Regulations provide two ways of calculating the amount of income tax withholding for supplemental wages that are not in excess of $1,000,000.  See 26 C.F.R. §§  31.3402(g)-1(a)(6), (7).

Under the aggregate method of withholding, the amount to be withheld is determined as if the aggregate of the supplemental wages and the regular wages constituted a single wage payment for the regular payroll period.  Id. § 31.3402(g)-1(a)(6)(ii).  Thus, the aggregate method "takes into consideration" the employee's W-4 form, which lists the applicable tax exemptions.  See id.

The optional flat rate withholding method is available if two additional conditions are met: (1) the supplemental wages are either not paid concurrently with regular wages or are separately stated on the payroll records of the employer; and (2) income tax has been withheld from regular wages of the employee during the calendar year of the payment or the preceding calendar year.  26 C.F.R. § 31.3402(g)-1(a)(7).  Under the optional flat rate withholding method, the supplemental wages are taxed at a flat rate "without regard to the withholding allowances claimed by the employee on the W-4 form."  Id. § 31.3402(g)-1(a)(7)(ii).  The applicable flat rate is determined by the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

period during which the supplemental wages were paid.  See id. § 31.3402(g)-1(a)(7)(iii).
Courts have held that the optional flat rate method may be used to calculate income tax
withholdings on a settlement payment for supplemental wages.  Cunningham v. Blue
Care Network of Michigan, 2007 WL 2651734, *3 (E.D. Mich. 2007).

## IV.   DISCUSSION

The parties do not dispute that the settlement agreement is a complete agreement
that is valid and binding on both parties.  However, the parties disagree as to the meaning
of a term of the agreement and appear to be asking the Court to resolve that dispute.[2]

Specifically, the parties disagree about the meaning of the provision that makes the
settlement sum payable "less *applicable withholdings* for federal and state income and
employment taxes."  Agreement ¶ 2 (emphasis added).  Defendant contends that it has
satisfied this provision by withholding taxes under the flat rate method, as authorized by
26 C.F.R. § 31.3402(g)-1(a)(7).  Plaintiff, in turn, argues that defendant must withhold
taxes on the basis of the exemptions that plaintiff claimed on her W-4.

In determining the meaning of "applicable withholdings," the Court first
provisionally receives the parties' evidence to determine whether the term is ambiguous.
See Wolf, 114 Cal. App. at 1351.  The meaning of "applicable withholdings" is not
resolved merely by reference to 26 C.F.R. § 31.3402(g)-1(a) because the regulation
permits the aggregate and flat rate methods for withholding and the amount withheld
depends on which method is chosen.  Indeed, defendant recognizes that the flat rate
approach is "available" to determine the amount withheld, but does not contend that the

---

[2] The Court questions whether California Code of Civil Procedure § 664.6 was
enacted to cover the circumstances of this case, i.e., where the parties agree they entered
into a settlement agreement but disagree as to the effect of a term of the agreement.
Effectively, defendant seeks a declaration that the settlement agreement has not been
breached.  Ordinarily, defendant would be required to bring that claim in the Los Angeles
County Superior Court, unless there is an independent basis for federal jurisdiction.
Nonetheless, the parties appear to agree that the Court has jurisdiction by reason of
Section 664.6.  Accordingly, the Court will proceed to determine the effect of the
disputed language here at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                          'O'

| Case No. | 2:16-cv-02516-CAS(Ex) | Date | September 29, 2016 |
|---|---|---|---|
| Title | GISSELLE BARNHART v. POINTS DEVELOPMENT US, LTD., DBA POINTS INTERNATIONAL, LTD ET AL. | | |

flat rate approach is mandatory.  Reply at 4.  After reviewing the emails exchanged between parties' counsel before the settlement agreement was signed, the Court concludes that "applicable withholdings" is reasonably susceptible to plaintiff's interpretation.  Defendant's counsel not only assured plaintiff's counsel that defendant would implement the W-4 form in calculating the withholding, but before the parties executed the settlement agreement, defendant's counsel sent a blank 2016 W-4 form for plaintiff to fill out.  Opp'n, Ex. 1. The Court therefore finds that the phrase "applicable withholdings" is ambiguous.

The Court next admits the extrinsic evidence to interpret the ambiguous term. Based on the email evidence submitted by plaintiff, the Court finds that the parties agreed that the "applicable withholdings" would be calculated based on the exemptions claimed by plaintiff in her W-4.

**V.    CONCLUSION**

In accordance with the foregoing, the Court construes "applicable withholdings" to mean that defendant must withhold taxes pursuant to the exemptions that plaintiff claimed on her W-4 and therefore, **DENIES** defendant's motion to construe the agreement otherwise.

The Court further orders defendant to pay $15,030 within ten (10) days of the date of this order.  Each side shall bear its own attorneys' fees, but plaintiff may seek to recover costs.  In the event that $15,030 is not paid within ten days, the Court reserves the right to consider whether sanctions are appropriate.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |